DAVID JOSEPH SMITHEMAN, AN INFANT, BY HIS GUARDIAN AD LITEM, PHILIP
P. GODWIN, SR., AND MARK A. SMITHEMAN, PLAINTIFFS v. NATIONAL
PRESTO INDUSTRIES, INC., HOMES BY OAKWOOD, INC., AND
OAKWOOD MOBILE HOMES, INC., DEFENDANTS

No. 921SC225

(Filed 20 April 1993)

**1. Appeal and Error § 130 (NCI4th) — discovery order not
appealable — sanctions order appealable**

An order compelling discovery is normally not appealable
because it is not a final judgment and does not affect a substan-
tial right; however, an order imposing sanctions under N.C.G.S.
§ 1A-1, Rule 37(b) is appealable as a final judgment.

**Am Jur 2d, Appeal and Error §§ 47 et seq.**

**2. Discovery and Depositions § 62 (NCI4th) — imposition of
sanctions — sufficiency of notice and opportunity to be heard**

There was no merit to defendant's contention that the
trial court erred in imposing sanctions against it without pro-
viding sufficient notice and opportunity to show justification
for its failure to strictly comply with discovery, since plaintiffs'
motion clearly indicated that they were seeking sanctions; de-
fendant was given the opportunity to present an oral argu-
ment; and defendant was invited to submit further information
for consideration after the hearing.

**Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

**3. Discovery and Depositions § 62 (NCI4th) — severity of sanc-
tions appropriate**

The trial court's order establishing defendant's negligence,
prohibiting defendant from offering any evidence to refute
negligence, awarding attorney fees to plaintiff's counsel, and
denying defendant's motion to rehear did not amount to such
severe sanctions as to violate the Law of the Land Clause
of the North Carolina Constitution and the Due Process Clause
of the United States Constitution, since defendant was given
ample opportunity to explain its position and rebut the evidence
and was even given the opportunity to submit further informa-
tion after the hearing on sanctions.

**Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

SMITHEMAN v. NATIONAL PRESTO INDUSTRIES

[109 N.C. App. 636 (1993)]

4. **Discovery and Depositions § 62 (NCI4th)— failure to comply with discovery—action willful and without justification— sufficiency of evidence**

There was ample evidence to support the trial judge's determination that defendant acted willfully and without justification in failing to comply with discovery requests where defendant had argued confidentiality of certain materials before a judge and had been ordered by the court to produce the information; defendant did not comply with the terms of that order; and this evidence thus supported the conclusion that defendant had not been cooperative in the discovery process.

**Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

5. **Discovery and Depositions § 62 (NCI4th)— defendant's negligence established—refuting evidence not allowed—sanction authorized by statute**

The trial court did not abuse its discretion in imposing a sanction establishing defendant's negligence and prohibiting the introduction of any evidence on the issue of negligence, since N.C.G.S. § 1A-1, Rule 37(b) specifically authorizes the imposition of such sanctions.

**Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

6. **Discovery and Depositions § 62 (NCI4th)— sanctions for failure to comply with discovery—award of attorney fees—sufficiency of evidence**

Evidence was sufficient to support the trial court's award to plaintiffs of attorney fees of $7,000 where the court found that plaintiffs' attorneys had spent 49 hours and paralegals had spent 10 hours in preparation for the 28 October hearing; additional preparation was necessary for the 31 October hearing; and the attorneys had made at least four round trips from Norfolk, Virginia in order to attend various discovery hearings.

**Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

Appeal by defendants from order entered 26 November 1991 by Judge Richard B. Allsbrook in Gates County Superior Court. Heard in the Court of Appeals 2 March 1993.

*Tavss, Fletcher, Earley & King, P.C., by John R. Fletcher and Ray W. King, and Overton & Carter, by Larry S. Overton, for plaintiffs-appellees.*

*Hornthal, Riley, Ellis & Maland, by M.H. Hood Ellis and Michael P. Sanders, and Willcox & Savage, P.C., by John Y. Pearson, Jr. and William M. Furr, for defendants-appellants.*

LEWIS, Judge.

Plaintiffs filed this products liability action on 13 November 1989 against National Presto Industries, Inc. (hereinafter "Presto"), Oakwood Mobile Homes, Inc. and Homes by Oakwood, Inc. (hereinafter collectively referred to as "Oakwood"). Presto is the manufacturer of a cooker which tipped over and spilled hot oil on the minor plaintiff after he had pulled the cord. Oakwood manufactured the mobile home in which the accident occurred. On 27 November 1991 the court approved a settlement with Oakwood, thus leaving Presto as the only defendant in this action. In their complaint, plaintiffs alleged, among other things, negligent manufacture and design of the cooker and negligent failure to warn or adequately warn.

This appeal arises from a long discovery process culminating in sanctions imposed against Presto for failing to comply with previous court orders to respond to interrogatories and requests for production. Pursuant to Rule 37 of the North Carolina Rules of Civil Procedure, on 26 November 1991 Judge Allsbrook entered an order establishing Presto's negligence in the design and manufacture of the appliance and prohibited Presto from offering any evidence to refute negligence. N.C.G.S. § 1A-1, Rule 37(b)(2)a., -b. (1990). He also awarded plaintiffs' counsel $7,000 in attorney fees. That same day Judge Allsbrook entered a supplemental order denying Presto's motion to rehear. On 9 December 1991 Presto filed its appeal from these orders.

The facts show that discovery was extensive from the outset. On 16 February 1990 plaintiff David Smitheman served 26 interrogatories and a request for production of documents upon Presto, and plaintiff Mark Smitheman served 27 interrogatories. Presto filed a general objection to interrogatories on 14 March 1990. Plaintiffs first moved the court to overrule various objections to their interrogatories and to compel answers on 6 August 1990. Due to Presto's concern over certain confidential information, the court

SMITHEMAN v. NATIONAL PRESTO INDUSTRIES

[109 N.C. App. 636 (1993)]

entered a protective order on 8 October 1990. At hearings held on 8 and 11 October 1990, the court overruled some of Presto's objections and directed Presto to respond to certain interrogatories and requests for production. The court did not enter a written order to this effect until 13 June 1991, however.

On 17 December 1990 plaintiffs filed a set of supplemental interrogatories. They filed a second set of supplemental interrogatories on 11 April 1991. Presto delivered some documents to plaintiffs in April 1991, but they were neither indexed nor identified for any specific interrogatory or request for production. On 15 May 1991 plaintiffs filed their second discovery motion, requesting an entry of order regarding the ruling made in October 1990, an order compelling responses to discovery, and sanctions. On 13 June 1991 the court entered two orders. The first order memorialized the October 1990 hearings on the first motion to compel and required Presto to fully respond to certain interrogatories and requests for production within 30 days. The second order required Presto to answer the first and second set of supplemental interrogatories within 45 days.

Plaintiffs notified Presto on 16 July 1991 that the responses were past due. Plaintiffs filed their third discovery motion, to compel responses and for sanctions, on 5 September 1991. Presto filed some responses on 30 September 1991, but on 6 October plaintiffs informed Presto that the responses were inadequate and that they would be seeking sanctions on their motion. Presto filed additional but also inadequate responses on 24 October 1991. In a letter dated 24 October 1991 Presto expressly refused to supply the names of certain component part manufacturers although it had been ordered to do so almost one year earlier. Presto's attorney at the time, George J. Dancigers of the Virginia Bar, stated that he "fully realize[d] that the court has ordered National Presto to produce this information but since this is the only issue outstanding, perhaps you and I can discuss it further so that we do not need to make a trip to court on this issue alone."

On 28 and 31 October 1991 the court held hearings on the September 1991 discovery motion. At the hearings plaintiffs presented the court with a chronology of the discovery process up to that point, whereas Mr. Dancigers argued the issue of the identity of the component part manufacturers. Mr. Dancigers admitted that Presto had "no excuse" for not filing its answers on time

and for not completely responding to the court's orders. The court encouraged each party to submit further information after the 28 October hearing and before the 31 October hearing. Presto did not do so.

On 31 October the court dictated its order imposing sanctions. The court entered the order on 26 November 1991, at which time the court filed a supplemental order denying Presto's motion to amend findings and order, denying its motion for a new hearing, and also denying its alternative motion for relief from the order.

---

[1] An order compelling discovery is normally not appealable, because it is not a final judgment and does not affect a substantial right. *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554, 353 S.E.2d 425, 426 (1987). However, an order imposing sanctions under Rule 37(b) is appealable as a final judgment. *Id.* at 554-5, 353 S.E.2d at 426. The imposition of discovery sanctions is within the sound discretion of the trial judge and will not be reversed absent a showing of abuse of that discretion. *Roane-Barker v. Southeastern Hosp. Supply Corp.*, 99 N.C. App. 30, 36, 392 S.E.2d 663, 667 (1990), *disc. rev. denied*, 328 N.C. 93, 402 S.E.2d 418 (1991). Presto changed counsel and now presents five arguments for our consideration. After reviewing these arguments, we conclude the trial judge did not abuse his discretion in ordering sanctions against Presto.

[2] (1) Presto first argues the trial court committed reversible error in imposing sanctions against it without providing sufficient notice and opportunity to show justification for its failure to strictly comply with discovery. We find that Presto did have sufficient notice that sanctions could be imposed, because plaintiffs' motion clearly indicated they were seeking sanctions. In their motion plaintiffs stated that

> Presto's failure to comply with this Court's Orders entitles the Plaintiffs to sanctions in accordance with Rule 37 of the Rules of Civil Procedure, including, but not limited to, an award of reasonable expenses and attorney fees, and an Order designating certain facts as established in accordance with the claims of the Plaintiffs, prohibiting Presto from introducing certain materials in evidence, and from opposing designated claims of the Plaintiffs.

SMITHEMAN v. NATIONAL PRESTO INDUSTRIES

[109 N.C. App. 636 (1993)]

At the hearing Presto's attorney was given the opportunity to explain to the court any justification Presto may have had for its delinquency in responding to discovery. Mr. Dancigers readily admitted that Presto had "no excuse," but then put forth several arguments as justification for its actions. The court patiently invited each party to submit further information for consideration after the 28 October hearing. Presto failed to submit any additional information. Thus, Presto had notice that sanctions were requested, Presto was given the opportunity to present an oral argument, and Presto was free to submit additional information. Presto cannot now argue that it was not given the opportunity to be heard.

[3] (2) Second, Presto argues the imposition of such severe sanctions violated the Law of the Land clause of the North Carolina Constitution and the Due Process clause of the United States Constitution. Presto claims constitutional violations arose because it was not afforded a fair hearing to "test, explain, or rebut" the evidence offered against it. *See Shepherd v. Shepherd*, 273 N.C. 71, 76, 159 S.E.2d 357, 361 (1968) (quoting *In re Custody of Gupton*, 238 N.C. 303, 304, 77 S.E.2d 716, 718 (1953) ). This contention is also unconvincing. As stated above, Presto was given ample opportunity at the 28 October hearing to explain its position and rebut the evidence, and was even given the opportunity to submit further information after the hearing.

[4] (3) Presto challenges the court's finding that its failure to comply was willful and without justification, and the finding that Presto was uncooperative. Presto claims that the court gave "great weight" to these findings in determining the severity of the sanctions imposed. Presto concedes, however, that a finding of willfulness is not necessary in order to impose discovery sanctions. *Hayes v. Browne*, 76 N.C. App. 98, 101, 331 S.E.2d 763, 764 (1985), *disc. rev. denied*, 315 N.C. 587, 341 S.E.2d 25 (1986). Even if the court gave "great weight" to this finding in determining which sanctions to impose, we find this argument to be meritless since the evidence supports the judge's determination.

Presto admitted at the 28 October hearing that it had "no excuse" for its failure to comply, and tried to argue the confidentiality issue. However, Presto had been ordered by the court to provide certain confidential information on the component parts manufacturers in June 1991, when the court entered its order on the October 1990 hearing. In *Roane-Barker*, defendant argued its

noncompliance was justified because the requested information was confidential. 99 N.C. App. at 36, 392 S.E.2d at 667. This Court stated that after consenting to a court order providing that defendant would comply with plaintiff's requests, "[d]efendant may not unilaterally 'interpret' the relevant scope of its response and only provide that information it considers discoverable." *Id.* In that case defendant had not previously objected on the grounds of confidentiality, and had not sought a protective order.

In the case at hand, Presto did object to some discovery requests due to the confidentiality of the information. In October 1990 the court entered an order protecting the confidentiality of documents submitted to the court. In June 1991 the court entered an order based on the 8 October 1990 hearing granting some of Presto's objections to discovery requests, but ordering Presto to produce certain information within 30 days of the order. Presto did not comply with the terms of that order.

We find there was ample evidence to support the judge's determination that Presto acted willfully and without justification. This case is more convincing than *Roane-Barker.* Unlike the defendant in *Roane-Barker,* Presto had already argued the confidentiality issue before a judge and had been ordered by the court to produce the information. The same evidence supports the conclusion that Presto had not been cooperative in the discovery process.

[5] (4) Presto argues the trial court abused its discretion in imposing a sanction establishing Presto's negligence and prohibiting the introduction of any evidence on the issue of negligence. Presto's main argument is that the general purpose of the North Carolina Rules is to encourage trial on the merits. While this may be true, the Rules specifically authorize the imposition of such sanctions. § 1A-1, Rule 37(b)(2)a., -b. We find nothing in this argument indicating the trial court abused its discretion.

[6] (5) Finally, Presto argues the trial court committed reversible error in finding as a fact that $7,000 was a reasonable amount for plaintiffs' attorney fees and expenses. Presto contends the court failed to include findings of fact to support this award, and that there was insufficient evidence on the issue of attorney fees.

According to *Benfield v. Benfield,* 89 N.C. App. 415, 422, 366 S.E.2d 500, 504 (1988), the court must make findings of fact to support the award of attorney fees. The 26 November 1991 order

establishing Presto's negligence and awarding attorney fees did not contain any findings to support the determination of the fees. However, in the supplemental order entered the same day the judge addressed the basis for the amount of the award. He noted that the attorneys had spent 49 hours and paralegals had spent 10 hours in preparation for the hearing, that additional preparation was necessary for the 31 October hearing, and that the attorneys had made at least four round trips from Norfolk, Virginia in order to attend various discovery hearings. The judge stated the "Court was, and still is, of the opinion that $7,000.00 is a reasonable amount for the services and expenses and, in fact, is conservative under all of the existing circumstances." We find there was sufficient evidence to support the trial judge's award of attorney fees.

We have considered Presto's arguments and determine that they are without merit. Although the sanctions imposed were severe, they were clearly authorized by the North Carolina Rules of Civil Procedure. We find nothing to indicate the trial judge abused his discretion in imposing the sanctions. The order of the trial court is hereby

Affirmed.

Judges JOHNSON and JOHN concur.