TOMMY LAMPROS MEGREMIS, Plaintiff-Appellee v. JUNE FAYE WRIGHT MEGREMIS, Defendant-Appellant

No. COA05-1387

(Filed 15 August 2006)

**1. Appeal and Error— preservation of issues—failure to argue**

The assignments of error that defendant wife failed to argue in her brief are deemed abandoned under N.C. R. App. P. 28(b)(6).

**2. Divorce— equitable distribution—sanctions—notice**

The trial court violated defendant wife's constitutionally protected right to due process in an equitable distribution case by imposing sanctions under N.C.G.S. § 50-21(e) without adequate

notice and opportunity to be heard on the issue, and the award of sanctions is reversed, because: (1) plaintiff did not make a written request for sanctions when the equitable distribution pretrial order cited by plaintiff husband did not specify sanctions or cite the sanctions statute; (2) defendant was not otherwise notified in advance of trial that she might face sanctions; (3) while plaintiff's counsel did state at the 7 September 2004 hearing that defendant's conduct amounted to an effort to postpone the trial further, he did not mention sanctions, the statute, or any of the operative language of the statute; and (4) in a proceeding for sanctions under N.C.G.S. § 50-21(e), the fact that a party against whom sanctions are imposed took part in the hearing and did the best the party could do without knowing in advance the sanctions which might be imposed does not show proper notice was given.

**3. Divorce— alimony—earning capacity rule**

The trial court did not abuse its discretion by denying defendant wife's claim for alimony, because: (1) defendant acknowledges the well-established rule that a trial court may consider a party's earning capacity only if the court finds the party acted in bad faith, and the Court of Appeals declines to revisit the well-established earning capacity rule; (2) there was no evidence that plaintiff was intentionally depressing his income or in any way acting in bad faith; (3) the trial court properly based plaintiff's reasonable needs and expenses on the amended financial affidavit submitted to the trial court; and (4) the trial court's rulings regarding postseparation support are neither conclusive nor binding in the alimony context.

Appeal by defendant from judgment and order entered 3 March 2005 by Judge Kevin M. Bridges in District Court, Union County. Heard in the Court of Appeals 7 June 2006.

*James, McElroy & Diehl, P.A., by G. Russell Kornegay, III and Preston O. Odom, III, for plaintiff-appellee.*

*Horack, Talley, Pharr & Lowndes, PA, by Kary C. Watson, for defendant-appellant.*

McGEE, Judge.

Tommy Lampros Megremis (plaintiff) and June Faye Wright Megremis (defendant) (collectively the parties) were married 25 October 1981. At the time of the relevant proceedings in this ac-

tion, plaintiff was a medical doctor trained in obstetrics and gynecology. Defendant did not complete her undergraduate education, and had not worked outside of the marital home since approximately 1986, after the birth of the parties' first child. Plaintiff filed a complaint 8 May 2003 seeking child custody, equitable distribution, and injunctive relief. Defendant filed an answer 5 August 2003 and asserted counterclaims for child custody, child support, postseparation support, alimony, and equitable distribution. The relevant facts and procedural history of the matter are set forth below.

The trial court conducted an equitable distribution pretrial conference 22 March 2004. By the resulting pretrial order filed 8 April 2004, the parties were ordered to participate in a mediated settlement conference. The parties complied with the court-ordered settlement conference, but were unable to resolve any pending issues. A trial on the remaining issues was scheduled for 1 June 2004.

By motion dated 30 April 2004, defendant requested a continuance of the trial from the 1 June 2004 calendar. Defendant's motion was based upon her belief that additional appraisals were necessary, as well as her need to evaluate additional discovery. Defendant's motion was denied by order filed 10 May 2004. In the same order, defendant was awarded postseparation support and temporary child support. Through no action of the parties, the case was calendared for 7 June 2004. Defendant filed a second motion to continue. Defendant's second motion to continue was based on allegations that plaintiff had failed to comply with discovery. Plaintiff conceded this failure in his response. Defendant's second motion to continue was denied.

Prior to the scheduled 7 June 2004 court date, plaintiff's counsel met with defendant's attorney of record, Robert P. Hanner, II, (Hanner) and attempted to negotiate a settlement on the remaining issues. Plaintiff's counsel drafted proposed settlement documents, which defendant refused to execute.

Defendant filed a third motion to continue on 8 June 2004, on the ground that her treating physician did not believe she was mentally stable enough to proceed with a trial. The trial court did not rule upon defendant's third motion because it did not reach the case during its 7 June 2004 term of court. The case was then scheduled for trial on 7 September 2004. On that date, the trial court heard two matters: (1) defendant's fourth motion to continue, dated 16 August 2004, and (2) Hanner's motion to withdraw as defendant's counsel. In support of

her motion to continue, defendant presented testimony from her psychiatrist, who opined that defendant's "situational depression and anxiety" made it difficult for defendant to be prepared for trial on that date. In support of his motion to withdraw, Hanner stated he could no longer properly represent defendant because of a "very difficult time communicating" and "a lack of understanding." Hanner stated defendant was not able to comprehend his explanations of "relatively basic principles" and opined that defendant had "lost confidence in [his] ability to represent her." By order filed 22 September 2004, the trial court granted Hanner's motion to withdraw and, "in the interest of justice," allowed defendant's motion to continue, and set the trial for all issues for 8 November 2004. The trial court ordered that defendant was not entitled to any additional continuances or postponements.

The trial court also ordered the parties and their counsel to appear in court on 4 October 2004 to enter into a final pretrial equitable distribution order (ED pretrial order). Defendant appeared in court on 4 October 2004 but was unprepared to sign the ED pretrial order. The trial court allowed defendant additional time to review and sign the ED pretrial order. After substantial revisions, defendant executed the ED pretrial order on 8 October 2004.

At the commencement of the trial on 8 November 2004, defendant appeared *pro se*. Attorney Peter K. Thompson (Thompson) observed the first two days of the trial. On the third day, he made a formal appearance as defendant's counsel and represented defendant throughout the remainder of the trial.

The trial court entered an order 3 March 2005 that, *inter alia*, distributed the parties' marital and divisible assets, sanctioned defendant for willful obstruction and unreasonable delay of the equitable distribution proceeding, and denied and dismissed with prejudice defendant's claim for alimony. In the 3 March 2005 order, the trial court concluded the appropriate sanction was for defendant to pay the amount of plaintiff's attorney's fees that were caused by defendant's willful delay and obstruction of the equitable distribution case. The trial court found that amount to be $27,946.99. The trial court concluded the appropriate method of payment was for plaintiff to receive a credit against the distributive award payment that plaintiff was required to pay to defendant. Defendant appeals.

[1] The record contains eighteen assignments of error, which collectively challenge twenty-three findings of fact and eleven conclusions

MEGREMIS v. MEGREMIS

[179 N.C. App. 174 (2006)]

of law. Defendant brings forward portions or all of thirteen assignments of error, which we will address as three issues. To the extent they are not argued in defendant's brief, defendant's remaining assignments of error are deemed abandoned. N.C.R. App. P. 28(b)(6). The issues on appeal are whether: (I) the trial court's imposition of sanctions under N.C. Gen. Stat. § 50-21(e) violated defendant's right to due process; (II) the trial court erred in sanctioning defendant under N.C.G.S. § 50-21(e); and (III) the trial court erred in denying defendant's request for alimony. For the reasons below, we affirm the trial court's order in part and reverse in part.

## I. Due Process

[2] Defendant first argues the trial court violated her constitutionally protected right to due process by imposing sanctions without adequate notice and opportunity to be heard on the issue. (Brief p 9) N.C. Gen. Stat. § 50-21(e) (2005) governs sanctions in equitable distribution proceedings. The statute provides:

> (e) Upon motion of either party or upon the court's own initiative, the court shall impose an appropriate sanction on a party when the court finds that:
>
> > (1) the party has willfully obstructed or unreasonably delayed, or has attempted to obstruct or unreasonably delay, discovery proceedings, including failure to make discovery pursuant to G.S. 1A-1, Rule 37, or has willfully obstructed or unreasonably delayed or attempted to obstruct or unreasonably delay any pending equitable distribution proceeding, and
> >
> > (2) the willful obstruction or unreasonable delay of the proceedings is or would be prejudicial to the interests of the opposing party.

N.C.G.S. § 50-21(e).

"Notice and opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution[.]" *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448, 450 S.E.2d 888, 891 (1994). "Whether a party has adequate notice is a question of law." *Trivette v. Trivette*, 162 N.C. App. 55, 58, 590 S.E.2d 298, 302 (2004). "In order to pass constitutional muster, the person against whom sanctions are to be imposed must be advised in advance of such charges[.]" *Griffin v. Griffin*, 348 N.C. 278, 280, 500

S.E.2d 437, 439 (1998). "Moreover, a party has a due process right to notice both (1) of the fact that sanctions may be imposed, and (2) the alleged grounds for the imposition of sanctions." *Zaliagiris v. Zaliagiris*, 164 N.C. App. 602, 609, 596 S.E.2d 285, 290 (2004) (citing *Griffin*, 348 N.C. at 279-80, 500 S.E.2d at 438-39), *disc. review denied*, 359 N.C. 643, 617 S.E.2d 662 (2005).

N.C.G.S. § 50-21(e) is silent as to what type of notice is required under the statute and how far in advance notice must be given to a party facing sanctions. *See* N.C.G.S. § 50-21(e). Under N.C. Gen. Stat. § 1A-1, Rule 11, a motion requesting sanctions must be served within the period prescribed by N.C. Gen. Stat. § 1A-1, Rule 6(d), not later than five days before the hearing on the Rule 11 motion. *Taylor v. Taylor Products, Inc.*, 105 N.C. App. 620, 629, 414 S.E.2d 568, 575 (1993) (citing N.C. Gen. Stat. § 1A-1, Rule 6(d) (1990), *overruled on other grounds by Brooks v. Giesey*, 334 N.C. 303, 318, 432 S.E.2d 339, 347 (1993). N.C.G.S. § 50-21(e) includes conduct sanctioned under N.C. Gen. Stat. § 1A-1, Rule 37, as well as a separate, more general, sanctions provision specific to an equitable distribution proceeding. Under Rule 37, a trial court may impose sanctions, including attorney's fees, upon a party for discovery violations. N.C. Gen. Stat. § 1A-1, Rule 37(b) (2005). Our Court has held that a party sanctioned under Rule 37 had ample notice of sanctions where the moving party's written discovery motion clearly indicated the party was seeking sanctions under Rule 37. *Smitheman v. National Presto Industries*, 109 N.C. App. 636, 640, 428 S.E.2d 465, 468, *disc. review denied*, 334 N.C. 166, 432 S.E.2d 366 (1993). Moreover, at a hearing on the discovery motion, the sanctioned party was given the opportunity to explain to the trial court any justification for the party's delinquency in responding to discovery. *Id.* at 641, 428 S.E.2d at 468. *See also Adair v. Adair*, 62 N.C. App. 493, 496, 303 S.E.2d 190, 192 (applying the five-days' notice requirement of Rule 6(d) to Rule 37 sanctions, where the trial court entered sanction of default judgment), *disc. review denied*, 309 N.C. 319, 307 S.E.2d 162 (1993). In the present case, plaintiff filed no written motion seeking sanctions. The trial court did not hold a separate hearing on the issue of sanctions, but rather addressed sanctions as part of the larger equitable distribution trial.

Plaintiff contends the issue of defendant's obstruction was addressed in the ED pretrial order, and that the language of the ED pretrial order "recite[d] the operative language of N.C.G.S. § 50-21(e)[.]" However, a review of the record shows that the lan-

guage cited by plaintiff appears in the ED pretrial order as a distribu-
tional factor, and not as a grounds for sanctions. As the ED pretrial
order does not specify sanctions or cite the sanctions statute, we do
not find the ED pretrial order sufficiently notified defendant that she
might face sanctions. Therefore we agree with defendant that plain-
tiff did not make a written request for sanctions.

We further agree with defendant that she was not otherwise
notified in advance of trial that she might face sanctions. Plaintiff
contends defendant received notice of sanctions at the 7 Septem-
ber 2004 hearing on Hanner's motion to withdraw and defend-
ant's motion to continue. However, a review of the transcript
shows that, while plaintiff's counsel did state at the hearing that
defendant's conduct "amount[ed] to an effort to postpone" the trial
further, he did not mention sanctions, the statute, or any of the oper-
ative language of the statute. We find this insufficient to constitute
notice of the fact that sanctions might be imposed. *See Zaliagiris*,
164 N.C. App. at 609, 596 S.E.2d at 290 (citing *Griffin*, 348 N.C. at
279-80, 500 S.E.2d at 438-39).

Defendant concedes that plaintiff's counsel orally addressed the
issue of sanctions during his opening statement at trial. In his open-
ing statement, plaintiff's counsel forecast evidence of defendant's
conduct that plaintiff contended was "a willful obstruction and delay
of the equitable distribution trial and which should subject [defend-
ant] to sanctions." Plaintiff asked the trial court "to consider the
delay and obstruction of [defendant] . . . under [N.C. Gen. Stat. §]
50-21(e)[.]" As noted above, there was no separate hearing on the
issue of sanctions. The trial court heard evidence on sanctions as part
of the larger equitable distribution trial.

Defendant and Thompson took part in the trial, objecting to
plaintiff's evidence on the issue of sanctions and presenting evidence
to rebut plaintiff's assertion of willful obstruction and unreason-
able delay. Plaintiff contends this participation by defendant shows
that defendant received ample notice and opportunity to be heard.
We disagree.

In a proceeding for sanctions under N.C.G.S. § 50-21(e), "[t]he
fact that [a] party against whom sanctions are imposed took part in
the hearing 'and did the best [the party] could do without knowing in
advance the sanctions which might be imposed does not show a
proper notice was given.' " *Zaliagiris*, 164 N.C. App. at 609, 596
S.E.2d at 290 (quoting *Griffin*, 348 N.C. at 280, 500 S.E.2d at 439).

**MEGREMIS v. MEGREMIS**

[179 N.C. App. 174 (2006)]

Defendant attempts to analogize to the facts of *Zaliagiris*, in which our Court held that the trial court erred in summarily recasting an assessment of expert witness costs as a sanction, without notice to the sanctioned party that the party would be made subject to such a sanction. *Zaliagiris*, 164 N.C. App. at 609-10, 596 S.E.2d at 290-91. Although the facts of the present case differ slightly from *Zaliagiris*, we find that, like the sanctioned party in *Zaliagiris*, defendant in the present case did not have notice *in advance* of the trial that sanctions might be imposed against her. *See id.* at 609, 596 S.E.2d at 290. Consequently, we conclude the trial court violated defendant's due process right to proper notice. We reverse the award of sanctions. *See id.* at 609-10, 596 S.E.2d at 290-91.

## II. Sanctions

Because we hold that defendant did not have proper notice of sanctions, we need not address whether, had defendant been given proper notice, it was permissible under these facts to impose sanctions under N.C.G.S. § 50-21(e). *See Zaliagiris*, 164 N.C. App. at 609 n.5, 596 S.E.2d at 291 n.5.

## III. Alimony

[3] Defendant argues the trial court committed reversible error in denying defendant's claim for alimony. Specifically, defendant argues the trial court erred in (1) failing to consider plaintiff's earning capacity and (2) determining plaintiff's reasonable needs and expenses. For the reasons below, we affirm the portion of the trial court's order denying defendant's claim for alimony.

"The decision to award alimony is a matter within the trial [court's] sound discretion and is not reviewable on appeal absent a manifest abuse of discretion." *Alvarez v. Alvarez*, 134 N.C. App. 321, 323, 517 S.E.2d 420, 422 (1999). Under N.C. Gen. Stat. § 50-16.3A(a) (2005), a trial court

shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors, including those set out in subsection (b) of this section.

Subsection (b) enumerates sixteen factors, including the relative earnings and earning capacities of the parties and the relative needs of the parties. *See* N.C. Gen. Stat. § 50-16.3A(b)(2), (13) (2005).

Defendant argues the trial court failed to consider plaintiff's earning capacity as required by N.C.G.S. § 50-16.3A(b)(2) in making its alimony determination. Ordinarily, alimony is determined by a party's actual income at the time of the alimony order. *Kowalick v. Kowalick*, 129 N.C. App. 781, 787, 501 S.E.2d 671, 675 (1998) (citing *Wachacha v. Wachacha*, 38 N.C. App. 504, 507-08, 248 S.E.2d 375, 377-78 (1978)). It is well established that a trial court may consider a party's earning capacity only if the trial court finds the party acted in bad faith. *See, e.g., Kowalick*, 129 N.C. App. at 787, 501 S.E.2d at 675 (citing *Wachacha*, 38 N.C. App. at 507-08, 248 S.E.2d at 377-78). Defendant acknowledges this well-established rule, but asks our Court to revisit our interpretation of N.C.G.S. § 50-16.3A(b)(2) requiring that bad faith be demonstrated before considering earning capacity. Defendant argues our case law conflicts with the public policy of the State and the language of N.C.G.S. § 50-16.3A. We are not persuaded by defendant's argument and decline to revisit the well-established earning capacity rule. We reiterate our Supreme Court's holding in *Conrad v. Conrad*, 252 N.C. 412, 418, 113 S.E.2d 912, 916 (1960) that, "[t]o base an [alimony] award on capacity to earn rather than actual earnings, there should be a finding based on evidence that [a party] was failing to exercise [the] capacity to earn because of a disregard of [the] marital obligation to provide reasonable support" for the other spouse.

In the present case, the trial court found that "[t]here is no evidence that [plaintiff] [was] intentionally depressing his income or in any way acting in bad faith." In support of this ultimate finding of no bad faith, the trial court found that plaintiff's reduction in income was attributable to the fact that plaintiff's patients were not happy with his services and were choosing other doctors. Defendant concedes this finding is supported by the evidence presented. However, defendant argues the trial court erred by "ignoring" plaintiff's testimony that his bedside manner was affected by the stress of the divorce proceedings, a fact defendant contends weighs against the trial court's ultimate finding of no bad faith. We are not persuaded by defendant's argument. It is well settled that "it is within a trial court's discretion to determine the weight and credibility that should be given to all evidence that is presented during trial." *Phelps v. Phelps*, 337 N.C. 344, 357, 446 S.E.2d 17, 25 (1994). " 'The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal.' " *Id.* (quoting *Coble v. Coble*, 300 N.C. 708, 712-13, 268 S.E.2d

185, 189 (1980)). Accordingly, we uphold the trial court's determination of no bad faith on the part of plaintiff, based upon the evidence presented at trial.

Defendant also argues the trial court erred in finding plaintiff's reasonable needs and expenses. In determining entitlement to alimony, the trial court must consider the relative needs of the parties. N.C.G.S. § 50-16.3A(a),(b)(13). "The determination of what constitutes the reasonable needs and expenses of a party in an alimony action is within the discretion of the trial [court]." *Whedon v. Whedon*, 58 N.C. App. 524, 529, 294 S.E.2d 29, 32, *disc. review denied*, 306 N.C. 752, 295 S.E.2d 764 (1982). In the present case, the trial court found plaintiff's reasonable needs and expenses amounted to $7,108.94 per month. This is the same amount plaintiff reported as his anticipated expenses in an amended financial affidavit submitted to the trial court. Given this evidence before the trial court, we perceive no abuse of the trial court's discretion in determining plaintiff's reasonable needs and expenses.

Defendant argues an abuse of discretion is evident because of an inconsistency between the trial court's order of postseparation support and the alimony order. Defendant's argument on this issue is without merit. Our Court has held that a trial court's rulings regarding postseparation support are neither conclusive nor binding in the alimony context. *See Wells v. Wells*, 132 N.C. App. 401, 413, 512 S.E.2d 468, 475 (noting that "the General Assembly unmistakably signaled its intent that factual determinations by the trial court at [postseparation support] hearings would not conclusively resolve those issues nor bind the ultimate trier of fact thereon"), *disc. review denied*, 350 N.C. 599, 537 S.E.2d 495-96 (1999).

Affirmed in part; reversed in part.

Judges ELMORE and STEELMAN concur.