PARSONS v. PARSONS

[231 N.C. App. 397 (2013)]

DAVID EARL PARSONS, Plaintiff
v.
LOUISE DIXON PARSONS, Defendant

No. COA13-714

Filed 17 December 2013

1. **Divorce—alimony—modification—increase in reasonable expenses**

    The trial court did not err by modifying the amount of alimony. The trial court found a substantial change of circumstances and correctly considered the value of defendant's total estate, including her investment account, and the income from her investments in deciding whether the increase in her reasonable expenses merited an increase in alimony. Its findings on the parties' assets, incomes, and expenses were supported by competent evidence.

2. **Child Custody and Support—support modification—house maintenance expenses—educational expenses**

    The trial court did not err by modifying the amount of child support. Although plaintiff challenged the trial court's allocation of a portion of the house maintenance expenses to the child, such determinations are in the trial court's discretion. Further, defendant's affidavit was itself evidence of the amount of the educational expense as claimed by defendant and did not need to be supported by other evidence to be competent and relevant.

3. **Attorney Fees—alimony—child support—sufficient means to defray costs**

    The trial court erred in an alimony and child support modification case by awarding defendant $40,000 in attorney fees under N.C.G.S. § 50-16.4 because defendant had sufficient means to defray the costs of the suit since her estate was worth over $1.5 million.

Appeal by plaintiff from Order entered 19 December 2012 by Judge Christy T. Mann in District Court, Mecklenburg County. Heard in the Court of Appeals 5 November 2013.

*Church Watson Law, PLLC, by Kary C. Watson and Seth A. Glazer, for plaintiff-appellant.*

*Hamilton Stephens Steele & Martin, PLLC, by Allison Pauls Holstein, for defendant-appellee.*

STROUD, Judge.

David Parsons ("plaintiff") appeals from an order entered 19 December 2012 modifying a 15 September 2009 Child Support and Alimony Order, increasing the amount of alimony and child support plaintiff is required to pay to Louise Parsons ("defendant"), and awarding defendant $40,000 in attorney's fees. We affirm in part and reverse in part.

## I. Background

Plaintiff and defendant were married in May 1988 and separated in May 2007. The parties have three children, born April 1992, July 1994, and November 1997. The parties agreed that defendant would have primary custody of the children. On 15 September 2009, the District Court entered a "Permanent Child Support and Alimony Order" that required plaintiff to pay defendant $3,963 per month in child support and $5,028 per month in alimony. At the time, plaintiff earned $30,625 per month from his employment, plus bonuses. As the parties had agreed during their marriage, defendant did not work outside of the home and was primarily responsible for "tending to the home and to the children." In the 2009 order, the trial court determined that defendant's only source of income was $1,800 per month in investment income, while her reasonable monthly living expenses were $5,144.

On 13 September 2011, defendant filed a motion to modify alimony and child support. Plaintiff initially filed a cross-motion to modify, but later withdrew it. The trial court held a hearing on the motion to modify on 19 and 28 September 2012. By order entered 19 December 2012, the trial court found that defendant's reasonable living expenses had increased 24%, while she remained unemployed and her investment income had decreased to $1,100 per month, and concluded that this change constituted a substantial change of circumstances. The trial court awarded plaintiff increased alimony of $7,560 per month and decreased child support of $2,210 per month, as two of the children had reached the age of majority in the intervening years. It also awarded defendant $40,000 in attorney's fees. Plaintiff filed timely notice of appeal to this Court.

## II. Modification of Alimony and Child Support

[1] Plaintiff argues on appeal that the trial court erred in modifying alimony and child support because its findings on the income and expenses of defendant and the parties' minor child were unsupported by evidence. We disagree.

A.  Standard of Review

To modify an award of alimony under N.C. Gen. Stat. § 50-16.9 (2011), the trial court must conclude that there was a change in circumstances in light of the relevant factors under N.C. Gen. Stat. § 50-16.3A(b) (2011). *See Barham v. Barham*, 127 N.C. App. 20, 26, 487 S.E.2d 774, 778 (1997). "As a general rule, the changed circumstances necessary for modification of an alimony order must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982) (citations omitted).

We review a trial court's challenged findings of fact to determine whether they are supported by competent evidence. *See Spencer v. Spencer*, 133 N.C. App. 38, 43, 514 S.E.2d 283, 287 (1999). If the trial court makes sufficient findings to show that it considered the relevant statutory factors and to support its conclusions, and those findings are supported by competent evidence, the trial court's decision as to the amount of alimony awarded is reviewed only for an abuse of discretion. *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982); *Rhew v. Rhew*, 138 N.C. App. 467, 472, 531 S.E.2d 471, 474-75 (2000). Similarly, "[t]he determination of what constitutes the reasonable needs and expenses of a party in an alimony action is within the discretion of the trial court." *Megremis v. Megremis*, 179 N.C. App. 174, 183, 633 S.E.2d 117, 123 (2006) (citation, quotation marks, and brackets omitted).

B.  Analysis

In its December 2012 order, the trial court found the following facts: (1) that defendant's total reasonable monthly expenses had increased 24% since the 2009 order, to $7,474 per month; (2) that her monthly income was $1,100 per month; (3) that plaintiff's gross monthly income had increased from approximately $30,000 to $51,271—even excluding a significant amount of deferred income; and (4) that his reasonable monthly expenses had decreased from $11,238 to $7,393. After considering the parties' assets, incomes, expenses, and the tax consequences of the alimony award, the trial court ordered plaintiff to pay $7,560 per month in alimony.

Plaintiff primarily contends that the trial court's findings of fact on defendant's expenses were erroneous because the financial affidavit presented by defendant, on which the trial court largely based its findings regarding defendant's income and expenses, was unsupported by other evidence. Plaintiff fails to recognize that the affidavit itself is evidence of defendant's expenses. *See Row v. Row*, 185 N.C. App. 450, 460, 650 S.E.2d 1, 7 (2007) ("The affidavits were competent evidence

. . . which the trial court was allowed to rely on in determining the cost of raising the parties' children."), *disc. rev. denied*, 362 N.C. 238, 659 S.E.2d 741, *cert. denied*, 555 U.S. 824, 172 L.Ed. 2d 39 (2008). Plaintiff's argument simply goes to the credibility and weight to be given to the affidavit. Plaintiff was free to attack defendant's affidavit at trial by cross-examination and by presentation of evidence which may contradict her claims, and he did so. Such determinations of credibility are for the trial court, not this Court. *Megremis*, 179 N.C. App. at 183, 633 S.E.2d at 123. The evidence supports the trial court's finding that defendant's reasonable monthly expenses have increased to $7,474.

Plaintiff further argues that the trial court erred in including an cost of $198 per month for defendant's home maintenance expenses. As plaintiff explains, "Judge Mann arrived at this number based on a 10-year amortization of potential repairs to the parties' former martial residence which was distributed to Ms. Parsons." The evidence presented as to the expenses included defendant's affidavit, which claimed a monthly shared family expense of $1,160.36,[1] based upon the fact that she had "received a quote of $12,695 to replace her home's HVAC system, including the 20-year old AC units, received an average quote of approximately $6,500 for the exterior of the home to be painted, received an average quote of approximately $4,578 for the replacement of appliances, including the refrigerator, trash compactor, washer and gas dryer," for a total of $23,773. In her testimony, defendant explained her affidavit as follows:

Q. All right. Explain briefly, please, the change to home maintenance that we explained by the asterisk.

A. The difference or the substantial increase in the home maintenance was because the first time at the entry of the Order, they had based that on figures or records that [plaintiff] did 90 percent of the home maintenance. We repaired every appliance that we had, he did the lawn, we didn't have a lawn person. He did the aeration, he did the mowing of the lawn, he did the trimming, or we both did. He repaired everything. I didn't have records. I have appliances that are currently 14 years old since we moved into the house, they're breaking. He used to repair the appliances, I can't do that. My income -- my expenses on house maintenance and home maintenance have increased

---

1. Defendant's counsel had amortized this expense over 36 months. The trial court's order amortized it over 10 years.

substantially because I can't do them personally. I can't go outside and trim a tree with a chain saw.

. . . .

I have a -- I have had issues with some air–conditioning units and appliances and my home hasn't been -- the exterior of the home has not been painted in 15 years. All of those items are upcoming. Some I have already have [sic] to replace. So those are estimates that are currently in the future. I've got two air conditioning units that I've had repaired and they're over 20 years old.

Plaintiff contends that it is inappropriate for the trial court to include such a "hypothetical expense" in its findings on defendant's reasonable living expenses, although he does not challenge the actual estimates presented by defendant as excessive or unreasonable or the fact that the home's HVAC system, appliances, and paint are in fact the ages claimed by defendant.

It is, of course, appropriate for the trial court to make findings on and consider reasonable future expenses in awarding or modifying alimony, including those relating to upkeep of defendant's residence. In attempting to estimate future expenses, the trial court must necessarily base its determination on relevant past expenses and predictions of future expenses. Although it is nearly certain that these types of expenses will arise, the exact timing and amounts can only be predicted based on past experience. This kind of prognostication is, by nature, somewhat "hypothetical." So long as there is evidence to support the trial court's finding, however, that finding will not be disturbed by this Court. *See Kelly v. Kelly*, ___ N.C. App. ___, ___, 747 S.E.2d 268, 275 (2013) ("When the trial judge is authorized to find the facts, his findings, if supported by competent evidence, will not be disturbed on appeal despite the existence of evidence which would sustain contrary findings." (citation and quotation marks omitted)). Defendant's affidavit and testimony outlining past and future expected costs for home maintenance and repair constitutes such evidence here. The reasonableness of the expenses is an issue for the trial court to determine in its discretion. *Megremis*, 179 N.C. App. at 183, 633 S.E.2d at 123.

Plaintiff next argues that the trial court erred in its finding relating to defendant's estate. The trial court found that defendant's "estate available to her presently consists of a house worth approximately $1.7 million, a car, a CAP investment account with approximately $400,000, and

a debt owed to [Plaintiff] from the Equitable Distribution Judgment of at least $300,000." The trial court found that defendant's "estate, including the house, is in excess of $1.5MM . . . ." Plaintiff contends that defendant's total estate is actually worth $1,935,772. The trial court noted the various assets in defendant's estate and estimated their value—it did not purport to give an exact value to the dollar of the total estate, nor was it required to.[2] These findings are adequate to show that it considered all valuable assets and debts in defendant's estate in deciding the amount of alimony.

Plaintiff further contends that the trial court's finding that defendant has a monthly gross income of $1,100 was unsupported by the evidence. Defendant introduced the statement from her CAP investment account for the first six months of 2012. The statement showed a total income from dividends and interest of $6,533.38. Averaged over six months, this amount results in a monthly income of $1,088. Defendant had no other source of income and plaintiff cannot point to any.

Nevertheless, plaintiff argues that the trial court should have included the passive appreciation of her "CAP" investment account in calculating defendant's monthly income. Plaintiff contends that the average monthly return of the CAP account was approximately $4,551 between April 2009 and June 2012 and that defendant should have used this amount to supplement her income rather than continuing to let her account appreciate in value.

Investment income is certainly an important component of a party's total income. *See Bryant v. Bryant*, 139 N.C. App. 615, 618, 534 S.E.2d 230, 232, *disc. rev. denied*, 353 N.C. 261, 546 S.E.2d 91 (2000). As plaintiff highlights, "the purpose of alimony is not to allow a party to accumulate savings." *Glass v. Glass*, 131 N.C. App. 784, 790, 509 S.E.2d 236, 239-40 (1998) (citations omitted). But this case is not one where defendant is increasing her estate by directing part of her income to savings, while relying on alimony to cover her expenses. Instead, the CAP account was distributed to defendant in 2009. Since then, it has gained in value by passive appreciation in the value of the assets in the account, and defendant has relied upon the interest and dividend income generated by the account to provide for a portion of her support.

Here, the trial court properly included the total value of the investment account in its estimation of defendant's estate and clearly considered it

---

2. In fact, most of the variation in estimates of the total value of defendant's estate as claimed by plaintiff or defendant is based upon differences in the parties' own estimates of the value of defendant's home, since the home is by far her single largest asset.

in awarding additional alimony. *See Cunningham v. Cunningham*, 345 N.C. 430, 440, 480 S.E.2d 403, 409 (1997) (noting that "an increase in the value of the dependent spouse's property after the entry of the alimony decree is an important consideration in determining whether there has been a change in circumstances." (citation omitted)). The market value of the property appreciated over the three years since the property was distributed to defendant, while the amount earned in interest and dividends—the amount counted by the trial court as defendant's income—decreased. Plaintiff effectively urges us to hold that the trial court erred in not counting the increased value of the investment account twice—once as an asset of defendant's estate, and again by treating increases in the value of the assets as income. We decline to do so.

The trial court found a substantial change of circumstances. The trial court correctly considered the value of defendant's total estate, including her investment account, and the income from her investments in deciding whether the increase in her reasonable expenses merited an increase in alimony. Its findings on the parties' assets, incomes, and expenses were supported by competent evidence. The findings demonstrate that the trial court considered the relevant factors and logically support its conclusions. Therefore, we affirm the trial court's order modifying the prior award of alimony.

### III. Child Support

[2] Plaintiff also challenges the trial court's modification of child support. He only argues that the trial court erred in determining the reasonableness of the minor child's expenses and that defendant's *affidavit* was not supported by competent evidence. He does not point to the absence of evidence as to any particular expense, which is quite reasonable, as the record includes just over 500 pages of defendant's exhibits regarding her financial situation and expenses, along with the 334 pages of the hearing transcripts. Specifically, he challenges the trial court's allocation of a portion of the house maintenance expenses discussed above to the child, and to the amount of the educational expense as claimed by defendant. As discussed above, the first argument is meritless because such determinations are in the trial court's discretion and the second argument is meritless because defendant's affidavit is itself evidence and does not need to be supported by other evidence to be competent and relevant. Plaintiff does not otherwise challenge the modification of child support. Therefore, we affirm the trial court's modification of child support.

## IV. Attorney's Fees

**[3]** Finally, plaintiff argues that the trial court erred in awarding defendant $40,000 in attorney's fees under N.C. Gen. Stat. § 50-16.4 because defendant had sufficient means to defray the costs of the suit.[3] We agree.

> [A]ccording to N.C. Gen. Stat. § 50–16.4, a court may award attorneys' fees to the dependent spouse when "a dependent spouse would be entitled to alimony...." N.C. Gen. Stat. § 50–16.4 (2009). Further, an award of counsel fees is appropriate whenever it is shown that the spouse is, in fact, dependent, is entitled to the relief demanded, and is without sufficient means whereon to subsist during the prosecution and defray the necessary expenses thereof.

*Martin v. Martin*, 207 N.C. App. 121, 127, 698 S.E.2d 491, 496 (2010) (citations and quotation marks omitted). "This means the dependent spouse must be unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." *Larkin v. Larkin*, 165 N.C. App. 390, 398, 598 S.E.2d 651, 656 (citation and quotation marks omitted), *disc. rev. on additional issues denied*, 359 N.C. 69, 604 S.E.2d 666 (2004), *aff'd per curiam as modified*, 359 N.C. 316, 608 S.E.2d 754 (2005).

> A spouse is entitled to attorney's fees if that spouse is (1) the dependent spouse, (2) entitled to the underlying relief demanded . . . , and (3) without sufficient means to defray the costs of litigation. Entitlement, i.e., the satisfaction of these three requirements, is a question of law, fully reviewable on appeal.

---

3. The trial court also purported to award attorney's fees under N.C. Gen. Stat. § 50-13.6, but failed to make a finding that the father failed to provide adequate child support, a necessary finding to justify such an award in a support action. *See* N.C. Gen. Stat. § 50-13.6 (2011) ("Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding."); *Thomas v. Thomas*, 134 N.C. App. 591, 597, 518 S.E.2d 513, 517 (1999) (holding that "the court must make the following findings of fact prior to awarding attorney's fees to an interested party in a proceeding for a modification of child support: (1) the party is acting in good faith, (2) the party has insufficient means to defray the expenses of the suit; and (3) the party ordered to pay support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding." (citation omitted)). Indeed, the trial court found that plaintiff had overpaid child support for four months and credited him $3,612. Neither party argues on appeal that the award would be justified under N.C. Gen. Stat. § 50-13.6.

*Barrett v. Barrett,* 140 N.C. App. 369, 374, 536 S.E.2d 642, 646 (2000) (citations omitted).

Plaintiff only contends that defendant is not "without sufficient means to defray the costs of litigation." *Id.* "In making this determination, a trial court should generally rely on the dependent spouse's disposable income and estate." *Rhew v. Felton,* 178 N.C. App. 475, 485, 631 S.E.2d 859, 867, *app. dismissed and disc. rev. denied,* 360 N.C. 648, 636 S.E.2d 810 (2006).

Defendant has a substantial separate estate worth over $1.5 million, including an investment account worth over $400,000. Nevertheless, defendant argues that she should not be required to deplete her estate at all to pay for her counsel. "[T]he purpose of the [attorney's fees] statute . . . is to prevent requiring a dependent spouse to meet the expenses of litigation through the *unreasonable* depletion of her separate estate where her separate estate is considerably smaller than that of the supporting spouse . . . ." *Patronelli v. Patronelli,* 360 N.C. 628, 631, 636 S.E.2d 559, 562 (2006) (citations and quotation marks omitted) (emphasis added). Although defendant would be required to deplete her estate to some extent in order to pay attorney's fees and her estate is significantly smaller than plaintiff's, which the trial court estimated to be worth more than $2.5 million, it is not unreasonable to expect her to pay $40,000 out of a $1.5 million estate to employ adequate counsel.[4] We hold that the trial court erred in concluding that defendant was "without sufficient means to defray the costs of litigation." *Barrett,* 140 N.C. App. at 374, 536 S.E.2d at 646. Therefore, we reverse that portion of the trial court's order requiring plaintiff to pay $40,000 in attorney's fees.

## V. Conclusion

The trial court's findings of fact on issues relevant to its modification of alimony and child support are supported by competent evidence. The

---

4. *See, e.g., McLeod v. McLeod,* 43 N.C. App. 66, 68, 258 S.E.2d 75, 77 (holding that the trial court erred in awarding the dependent spouse attorney's fees where she had a savings account worth $27,000), *disc. rev. denied,* 298 N.C. 807, 261 S.E.2d 920 (1979), *Rickert v. Rickert,* 282 N.C. 373, 382, 193 S.E.2d 79, 84-85 (1972) (holding that the dependent spouse did not need attorney's fees to meet the opposing party as litigant where she had significant, valuable assets in her estate, including stocks and bonds worth over $141,000); *cf. Rhew,* 178 N.C. App. at 486, 631 S.E.2d at 867 (affirming the trial court's determination that the dependent spouse was entitled to attorney's fees where she had only limited funds in her bank accounts and no real property); *Walker v. Walker,* 143 N.C. App. 414, 425, 546 S.E.2d 625, 632 (2001) (holding that the trial court did not err in awarding attorney's fees where the plaintiff only earned $1,040 per month and, "unlike the plaintiff in *Rickert,* . . . did not have substantial stock and bond holdings at the time of trial.").

findings support its conclusions on these issues. Therefore, we affirm those portions of the trial court's order modifying alimony and child support. However, the trial court erred in concluding that defendant did not have sufficient means to employ adequate counsel because her estate was worth over $1.5 million. Therefore, we reverse the portion of the trial court's order awarding attorney's fees.

AFFIRMED in part; REVERSED in part.

Judges McGEE and BRYANT concur.