ZACHARY, Judge.
 

 *173
 
 Patricia Hoover (plaintiff) appeals from an order modifying the amount of alimony that George Hoover (defendant) is obligated to pay her on a monthly basis. On appeal, plaintiff argues that the trial court erred by finding that defendant had retired and by concluding that there had been a substantial change of circumstances, and that because defendant had voluntarily suppressed his earnings in bad faith the trial court should have imputed income to defendant. We conclude that the trial court did not err by finding that defendant was retired or by concluding that there had been a substantial change of circumstances, and that plaintiff failed to preserve for our review the issue of whether defendant had acted in bad faith such that the trial court should have imputed income to defendant in calculating his earning capacity.
 

 *174
 

 I. Background
 

 Plaintiff and defendant were married on 8 March 1978, separated on 29 December 1993 and divorced on 21 July 1999. There were no children born of the parties' marriage. A consent order entered in 2003 required defendant to pay plaintiff permanent alimony of $400.00 per week. Pursuant to an order entered on 25 July 2007, defendant's alimony obligation was reduced to $750.00 per month.
 

 On 2 January 2015, defendant filed a motion to modify alimony. Defendant alleged that there had been a substantial change of circumstances since the 2007 alimony order was entered, in that he was seventy-two years old, he had several serious medical problems, and his sole income consisted of a monthly Social Security payment of "approximately $1508.00." The trial court conducted a hearing on defendant's motion on 2 July 2015. On 7 August 2015, the trial court entered an order finding that there had been a substantial change of circumstances and reducing defendant's alimony payment to $195.00 per month. On 8 September 2015, plaintiff appealed to this Court from the trial court's order modifying alimony.
 

 II. Standard of Review
 

 Pursuant to N.C. Gen.Stat. § 50-16.9(a) (2014), an order for alimony "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party[.]" " 'As a general rule, the changed circumstances necessary for modification of an alimony order must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay.' "
 
 Parsons v. Parsons,
 

 231 N.C.App. 397
 
 , 399,
 
 752 S.E.2d 530
 
 , 532 (2013) (quoting
 
 Rowe v. Rowe,
 

 305 N.C. 177
 
 , 187,
 
 287 S.E.2d 840
 
 , 846 (1982) ). On appeal:
 

 "The well-established rule is that findings of fact by the trial court supported by competent evidence are binding on the appellate courts even if the evidence would support a contrary finding. Conclusions of law are, however, entirely reviewable on appeal." A trial court's unchallenged findings of fact are "presumed to be supported by competent evidence and [are] binding on appeal."
 

 Mussa v. Palmer-Mussa,
 

 366 N.C. 185
 
 , 191,
 
 731 S.E.2d 404
 
 , 408-09 (2012) (quoting
 
 Scott v. Scott,
 

 336 N.C. 284
 
 , 291,
 
 442 S.E.2d 493
 
 , 497 (1994), and
 
 Koufman v. Koufman,
 

 330 N.C. 93
 
 , 97,
 
 408 S.E.2d 729
 
 , 731 (1991) ).
 

 *175
 

 III. Trial Court's Order
 

 In its order, the trial court's findings of fact included the following:
 

 ...
 

 4. Pursuant to an Order entered ... July 25, 2007, the Defendant's obligation to pay Alimony was modified to $750.00 per month beginning July 6, 2007.
 

 5. [In July 2007] ... Defendant was employed part-time at NAPA Auto Parts earning $241.52 per week and lived with his mother in her former residence which she had conveyed to him and his two siblings....
 

 6. On January 10, 2008, the Defendant moved to modify his Alimony obligation and ... [alleged] that Plaintiff ... was no longer dependent.... Defendant's motion was denied.
 

 *617
 
 7. On September 2, 2011, the parties agreed to reduce Defendant's Alimony obligation by $290.00 per month pending Defendant's knee surgery. Defendant's obligation pursuant to that Order would revert to $750.00 per month upon the Defendant's return to work.
 

 8. On August 1, 2014, when the Defendant was approximately 72 years old, he quit his job at NAPA Auto Parts because he desired to retire. At the time he left employment, he was making $9.90 per hour. His gross income from this employment in 2014 was $14,663.46.
 

 9. The Defendant continues to live in the same home with his mother. The home is owned by Defendant and his two siblings; however, he divides the expenses associated with the home with his mother equally[.] ... When he has insufficient money to pay ½ of the expenses, his mother pays them all. In fact, his mother pays most of the utilities. The home is worth approximately $150,000.
 

 10. Defendant's current income is solely in the form of social security retirement in the gross amount of $1,528.90 per month. For the last several years, his mother has given the Defendant and his siblings $10,000 per year, but has not given him the gift in 2015.
 

 *176
 
 11. Defendant is 73 years old. Defendant had a heart attack 8 years ago and a knee replacement 3 years ago. He also had a hip replacement just before his knee replacement. Very recently, he suffered severe vision loss in one eye. Although he had surgery, his vision remains only 30% of that enjoyed by the eye prior to the retinal tear.
 

 12. Defendant's reasonable monthly expenses can be found in the following table ... [table omitted, showing a total monthly expense amount of $ 1,467.38].
 

 13. Upon the factors about which no evidence was presented, the Court will find the Defendant failed to prove a substantial change in circumstances related to those factors outline[d] in N.C.G.S. § 50-16.3A and the dependency of the Plaintiff.
 

 14. Defendant is earning at his capacity. There is insufficient evidence for the Court to find that retiring at the age of 72 was done by the Defendant in a bad faith attempt to disregard his marital obligations.
 

 15. Defendant owes medical providers more than $42,000 for past medical treatment.
 

 16. Defendant receives unearned benefits from his mother in the sum of $133.44 per month as outlined in the table above.
 

 17. Therefore, the Defendant's monthly income and benefits exceed his reasonable needs by $194.96.
 

 The trial court's conclusions of law included the following:
 

 ...
 

 2. A substantial change in circumstances has occurred since the entry of the last Order affecting Defendant's ability to pay Alimony and his Motion to Modify Alimony should be allowed.
 

 3. Although Defendant's reduction in income was voluntary, it was not in bad faith.
 

 4. Considering the resources of the Defendant and the other factors outlined above, it would be appropriate for the Court to modify Defendant's obligation to pay Alimony as of August 1, 2015.
 

 *177
 
 5. Defendant has the ability to pay the amount ordered herein.
 

 Based upon its findings and conclusions, the trial court granted defendant's motion to modify alimony and ordered him to pay plaintiff alimony "in the sum of $195.00 per month beginning August 1, 2015, which shall be garnished from the Defendant's social security check and be paid directly to the Plaintiff." We conclude that the trial court's findings of fact are supported by the evidence, and that its findings support its conclusions of law.
 

 In reaching this conclusion, we have considered plaintiff's arguments for a contrary result. We first note that plaintiff has not argued that the modification order has resulted in plaintiff's lacking adequate funds with which to support herself. Moreover, plaintiff does not challenge the evidentiary facts found by the trial court, but only the trial court's ultimate finding that defendant
 
 *618
 
 had retired, and its conclusions that defendant was earning at his capacity because he had not left work in a bad faith attempt to evade his alimony obligation, and that there had been a substantial change of circumstances.
 

 Regarding the trial court's finding that defendant had retired, the undisputed evidence established the following facts:
 

 1. Defendant was 72 years old
 
 [1]
 
 when he quit work, and was 73 at the time of the hearing on defendant's motion.
 

 2. During the time between entry of the 2007 alimony order and the hearing on defendant's motion to modify alimony, defendant had experienced the following medical problems: (a) a heart attack ; (b) a knee replacement; (c) a hip replacement; (d) instances of skin cancer ; (e) hearing loss; and (f) 70% loss of vision in one eye.
 

 3. After defendant left his employment, his only ongoing source of income was a monthly Social Security check of approximately $1530.00 per month.
 

 4. Defendant was 73 years old and living with his 99 year old mother who contributed to the payment of his expenses.
 

 *178
 
 We hold that the evidence of these circumstances, which is not challenged on appeal, clearly supports the trial court's finding that defendant had retired. Plaintiff is not entitled to relief on the basis of this argument.
 

 Plaintiff also argues that the trial court erred by concluding that there had been a substantial change of circumstances. Plaintiff asserts on appeal that in its determination of whether there had been a change of circumstances, the trial court should have made a finding that defendant acted in bad faith and should have imputed income to defendant in the amount of his previous earnings. We have carefully reviewed the transcript of the hearing in this matter, and conclude that plaintiff did not argue before the trial court that defendant had acted in bad faith, and did not argue that the trial court should impute income to defendant.
 

 Because plaintiff did not argue at the trial level that the trial court should find that defendant acted in bad faith and, on that basis, should impute income to defendant, neither defendant nor the trial court had an opportunity to address this issue. N.C.R.App. P. Rule 10(a)(1) (2014) provides in relevant part that in order to preserve an issue for appellate review, "a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make" and must have "obtain[ed] a ruling upon the party's request, objection, or motion." "As a general rule, the failure to raise an alleged error in the trial court waives the right to raise it for the first time on appeal."
 
 State v. Johnson,
 

 204 N.C.App. 259
 
 , 266,
 
 693 S.E.2d 711
 
 , 716-17 (2010).
 

 "Our Supreme Court has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts.... The defendant may not change his position from that taken at trial to obtain a steadier mount on appeal."
 

 Cushman v. Cushman,
 
 --- N.C.App. ----, ----,
 
 781 S.E.2d 499
 
 , 504 (2016) (quoting
 
 Balawejder v. Balawejder,
 

 216 N.C.App. 301
 
 , 307,
 
 721 S.E.2d 679
 
 , 683 (2011) ). We conclude that, by failing to raise this issue at the trial level, plaintiff waived review on appeal.
 

 For the reasons discussed above, we conclude that the trial court did not err and that its order should be
 

 AFFIRMED.
 

 Judges DILLON and DAVIS concur.
 

 [1]
 

 We note that employment beyond the age of 72 is prohibited in some circumstances.
 
 See
 
 N.C. Gen.Stat. § 7A-4.20 (2015).