Horner Int'l Co. v. McKoy, 2014 NCBC 67.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
13 CVS 7131

HORNER INTERNATIONAL COMPANY, )
                Plaintiff )
)
            v. )
)
BILL M. MCKOY, )
                Defendant )

**OPINION AND ORDER ON
MOTION TO DISMISS**

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases, comes before the Court upon Defendant's Motion to Dismiss ("Motion") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)"); and

THE COURT, after reviewing the Motion, briefs in support of and in opposition to the Motion, and other appropriate matters of record, CONCLUDES that the Motion should be GRANTED, in part, for the reasons stated herein.

> *Wallace & Nordan, LLP, by John R. Wallace, Esq. and Joseph A. Newsome, Esq. for Plaintiff Horner International Company.*
>
> *Robinson Bradshaw & Hinson, PA, by J. Dickson Phillips, Esq. and Brian L. Church, Esq. for Defendant Bill M. McKoy.*

McGuire, Judge.

PROCEDURAL HISTORY

1.     On May 20, 2013, Plaintiff Horner International Company ("Plaintiff") filed a Verified Complaint, Motion for Temporary Restraining Order, Preliminary Injunction and

Permanent Injunction against Defendant Bill M. McKoy ("Defendant"). Plaintiff's action was designated as No. 13 CVS 7131 by the Clerk of Superior Court of Wake County.

2. On May 29, 2013, Plaintiff filed its Verified Amendment to Complaint ("Amended Complaint"), which added a fifth claim against Defendant. The Amended Complaint contains the following five Counts ("Claims") against Defendant: Count I (Breach of Contract); Count II (Conversion of Plaintiff's Property); Count III (Violation of the North Carolina Trade Secrets Protection Act); Count IV (Unfair and Deceptive Trade Practices); Count V (Violations of North Carolina Trade Secrets Protection Act and Breach of Employee's Agreement Not to Disclose Trade Secrets).

3. On June 14, 2013, the Honorable G. Bryan Collins, Superior Court Judge, entered a Preliminary Injunction order ("Preliminary Injunction") which granted, in part, and denied, in part, the motions for injunctive relief contained in the Amended Complaint.

4. On June 28, 2013, Defendant filed the Motion, seeking dismissal of all Counts pursuant to Rule 12(b)(6).

5. On March 4, 2014, the North Carolina Court of Appeals affirmed the Preliminary Injunction, holding that the non-compete agreement between the parties was overbroad and that Plaintiff described the trade secrets at issue in this case with sufficient specificity. *See Horner Int'l Co. v. McKoy*, 754 S.E.2d 852 (N.C. App. 2014). Following the decision of the Court of Appeals, Defendant partially withdrew the Motion to the extent it seeks dismissal of Counts III and V, for violations of the North Carolina Trade Secrets Protection Act and for breach of contract relating to same, and of Counts I and IV to the extent they are based on the same allegations as Counts III and V.

6. Defendant's Motion seeks dismissal of Plaintiff's causes of action for breach of a Non-Competition Agreement (Count I, in part), conversion (Count II), and unfair and deceptive trade practices based on conversion (Count IV, in part).

7. On December 9, 2014, the Court convened a telephonic status conference in this matter, wherein counsel for both parties consented to the Court deciding the Motion without oral argument.

8. The Motion has been fully briefed and is ripe for determination.

FACTUAL BACKGROUND

Among other things, the Amended Complaint alleges that:

9. Horner International Company is a North Carolina corporation with its registered office in Raleigh, North Carolina. Defendant was employed by Plaintiff until October 2012.[1] As a condition of his employment, Defendant signed a Non-Competition Agreement ("NCA") and an Agreement Not to Disclose Trade Secrets ("ANTDTS"). The NCA purported to restrict Defendant from competing with Plaintiff for an eighteen-month period following the termination of his employment.[2] The ANTDTS restricts Defendant from disclosing Plaintiff's trade secrets and confidential business information.[3]

10. While Plaintiff's was employed with Defendant he was provided access to trade secrets and confidential business information.

11. On or about October 9, Defendant resigned his employment and went to work for Teawolf, LLC, a competitor of Plaintiff.[4] The Amended Complaint alleges that Defendant has violated the NCA by becoming employed with Teawolf, and that Defendant has disclosed trade secrets and confidential business information in violation of the ANTDTS.

---

[1] Am. Compl. ¶¶ 1, 3.
[2] *Id.* ¶¶ 4, 8.
[3] *Id.* ¶¶7, 9.
[4] *Id.* ¶3.

DISCUSSION

12.     Bringing a motion to dismiss under Rule 12(b)(6) allows the moving party to test the legal sufficiency of a complaint. *Sutton v. Duke*, 277 N.C. 94, 98 (1970). The Court, in deciding a Rule 12(b)(6) motion, treats the well-pleaded allegations of the complaint as true and admitted. *Id.* However, conclusions of law or unwarranted deductions of fact are not deemed admitted. *Id.* The facts and permissible inferences set forth in the complaint are to be treated in a light most favorable to the nonmoving party. *Ford v. Peaches Entm't Corp.*, 83 N.C. App. 155, 156 (1986). A Rule 12(b)(6) motion should be granted when the complaint, on its face, reveals (a) that no law supports the plaintiff's claim, (b) the absence of facts sufficient to form a viable claim or (c) some fact which necessarily defeats the plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 175 (1986).

Count I – Breach of Contract (Non-Competition Agreement)

13.     In the Order granting Plaintiff's Preliminary Injunction, Judge Collins concluded that "[t]he covenant not to compete . . . executed by McKoy is overly broad on its face, and it therefore is unenforceable." On appeal, the Court of Appeals affirmed Judge Collins, holding that the non-competition covenant in the NCA was overbroad and therefore unenforceable.  The Court of Appeals held that there was "no meaningful distinction" between the non-competition covenant in the NCA and the covenant that was found to be impermissibly overbroad by the Court of Appeals in *VisionAIR, Inc. v. James*.[5] *Horner Int'l Co. v. McKoy*, 754 S.E.2d 852, 855-58 (N.C. App. 2014).

14.     This Court is bound by the Court of Appeals' conclusion that the non-competition covenant is invalid. To the extent that Plaintiff's claim for breach of contract in

---

[5] 167 N.C. App. 504 (2004).

Count I is premised on Defendant's alleged breach of the non-competition covenant in the NCA, the Motion as to Count I should be GRANTED.

<u>Count II –Conversion</u>

15.     In North Carolina, conversion is defined as: "(1) the unauthorized assumption and exercise of the right of ownership; (2) over the goods or personal property; (3) of another; (4) to the exclusion of the rights of the true owner." *Estate of Graham v. Morrison*, 168 N.C. App. 368, 371 (2005). "At its core, conversion 'is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner . . . .'" *Tai Sports, Inc. v. Hall*, 2012 N.C.B.C. 62, ¶ 108 (N.C. Super. Ct. Dec. 28, 2012) (quoting *Lake Mary L.P. v. Johnston*, 145 N.C. App. 525, 532 (2001)). The North Carolina Court of Appeals has held that there are "two essential elements [that] are necessary in a complaint for conversion – there must be ownership in the plaintiff and a wrongful conversion by defendant." *Lake Mary, L.P.*, 145 N.C. App. at 532.

16.     "Where there has been no wrongful taking or disposal of the goods, and the defendant has merely come rightfully into possession and then refused to surrender them, demand and refusal are necessary to the existence of the tort." *White v. Consol. Planning, Inc.*, 166 N.C. App. 283, 310-311 (N.C. Ct. App. 2004) (internal citations omitted). Upon the making of a required demand, the "absolute, unqualified refusal to surrender . . . is of course a conversion." *Hoch v. Young*, 63 N.C. App. 480, 483 (1983) (internal citations omitted).

17.     At the outset, a question arises as to whether the "business records and information" that Defendant allegedly converted are tangible property that can even give rise to a claim for conversion. In North Carolina, as Defendant notes, conversion applies only to goods and personal property, not intangible interests. *Norman v. Nash Johnson & Sons' Farms, Inc.,* 140 N.C. App. 390, 414 (2000). It is wholly unclear from the face of the

Amended Complaint whether Plaintiff contends Defendant converted tangible property, intangible property, or some combination of the two. Although the Court of Appeals on at least one occasion held that "proprietary information" may be the subject of a claim for conversion, that decision did not make clear whether the proprietary information had been reduced to a tangible form or not. *Southeastern Shelter Corp. v. Btu, Inc.*, 154 N.C. App. 321, 331 (2002) (holding that, "in the light most favorable to plaintiffs, the evidence shows defendants converted plaintiffs' proprietary information, including customer lists, contact lists, records and historical data"). On the other hand, a federal district court applying North Carolina law held that allegations that the defendant acquired the plaintiff's "proprietary technical and business information," where allegations did not expressly state whether such information was in tangible or intangible form, failed to state a claim for conversion. *See TSC Research, LLC v. Bayer Chems. Corp.*, 552 F.Supp. 2d 534, 542-43 (M.D.N.C. 2008).

18.     Although the Court recognizes that Plaintiff's Amended Complaint suffers the same flaw as that in *TSC Research, LLC*, the ultimate resolution of whether the property at issue is sufficiently tangible to support a conversion is not necessary. Even assuming that intangible "business records and information" may be the subject of a conversion claim, Plaintiff does not allege it was deprived of the information or excluded from use of the information allegedly converted by Defendant. Plaintiff has not alleged that it does not still have access to the records and information that Defendant took.

19.     In addition, the Amended Complaint clearly alleges that, by virtue of his employment, Defendant was granted access "to the books and records of Horner and the confidential information contained therein . . . ."[6] Therefore, because Defendant obtained

---

[6] Am. Compl. ¶ 10.

possession rightfully, no conversion occurred simply by Defendant's exercise of control over the "business records and information." *See White, supra.* In order for a cause of action for conversion to accrue, Plaintiff was required to make a demand for return of the "business records and information," and that demand must have been refused. *See Hoch, supra.* The Amended Complaint fails to allege that a demand was made, much less that any such demand was refused.

20.     The Amended Complaint fails to allege that Defendant has deprived or excluded Plaintiff from using the records and information that he allegedly converted. The Amended Complaint also establishes that Plaintiff provided Defendant with lawful access to the records and information by virtue of his employment, but does not allege that Plaintiff made a proper demand for return of the Plaintiff's property or that Defendant refused such a demand. For the reasons stated above, as to Plaintiff's claim for conversion in Count II, the Motion should be GRANTED.

Count IV – Unfair and Deceptive Trade Practices<br>Based on Defendant's Alleged Conversion

21.     Because Plaintiff has failed to state a claim for conversion, its claim for violation of G.S. § 75-1.1 based on Defendant's alleged conversion necessarily fails. *See Combs & Assocs. v. Kennedy*, 147 N.C. App. 362, 374 (2001). Therefore, to the extent that Plaintiff asserts a claim for violation of G.S. § 75-1.1 based on Defendant's alleged conversion, the Motion should be GRANTED.

CONCLUSION

NOW THEREFORE, based upon the foregoing, it is hereby ORDERED that:

22.     To the extent that Count I is premised on McKoy's alleged breach of the non-competition covenant in the NCA, the Motion is GRANTED, and only that component of Count I is DISMISSED.

23. As to Count II, the Motion is GRANTED, and Count II is DISMISSED.

24. To the extent that Count IV is based upon Defendant's alleged conversion, the Motion is GRANTED, and only that component of Count IV is DISMISSED.

25. Except as expressly GRANTED herein, the Motion is DENIED.

This the 18th day of December, 2014.