IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-276

Filed 4 February 2026

Cabarrus County, No. 21CVD002644-120

KAREN LAVETTE CUNNINGHAM, Plaintiff,

v.

GERALD WAYNE CUNNINGHAM, Defendant.

Appeal by plaintiff from order entered 15 August 2024 by Judge D. Brent Cloninger in Cabarrus County District Court. Heard in the Court of Appeals 29 October 2025.

*Hartsell & Williams, P.A., by Emily J. Arnold, for plaintiff-appellant.*

*Arnold & Smith, PLLC, by Corey A. Noland, for defendant-appellee.*

DILLON, Chief Judge.

This matter involves an equitable distribution order. The issue on appeal is whether the trial court erred in failing to classify post-separation passive appreciation of a marital stock account as divisible property. For the reasoning below, we vacate the trial court's order and remand for reconsideration.

I.   Background

In October 1992 Plaintiff Karen L. Cunningham ("Wife") and Defendant Gerald W. Cunningham ("Husband") married. They separated in April 2021, after which Wife commenced this action seeking, in part, equitable distribution.

The matter was heard in March 2024. Relevant to Wife's appeal, the trial court heard testimony and received evidence regarding a certain Edward Jones stock account which Husband opened during the marriage. Wife and Husband had previously stipulated in a pretrial order that, as of the date of their April 2021 separation, the account value was $58,365.00 but failed to stipulate as to whether the property was marital or separate. Husband argued this account should be classified as his separate property. The trial court, though, classified this account as marital property.

However, between the April 2021 separation and shortly before the March 2024 hearing, the value of the account essentially tripled in value. As Husband was retaining the account, at the March 2024 hearing, Wife offered the January 2024 account statement showing the account had increased in value to $184,737.50. Wife offered said evidence desiring the trial court to classify the post-separation gain as divisible property to be equitably divided between the parties.

Ultimately, the trial court essentially classified the appreciation as divisible property by finding that it was passive but did not value—and therefore did not properly distribute—the account's post-separation gain.

Later in its findings, the trial court determined the net marital estate was valued at $1,443,566.89 and, in an attempt to achieve an equitable distribution, set a distributive award of $368,684.36 in favor of Wife, which was to include gains and losses that occurred post-separation and pre-distribution "[i]n order to account for

divisible gains and losses." In its conclusions of law, the trial court ordered the marital estate to be distributed according to its findings of fact. Wife appealed.

## II. Analysis

Wife concedes in her brief that the account properly belongs solely to Husband. On appeal, Wife argues the trial court erred in its handling of the account. Concerning the account, the trial court found as follows:

> [The account] is marital property bearing the names of both parties as a joint account. This account has a net value of $58,365.00 on the date of separation. Any appreciation since that date [of separation] is passive and is distributed to [Husband].

Wife agrees the trial court properly classified the value of the account *as of the date of separation* as marital property. And we conclude the trial court did not err in classifying the account value as of the date of separation as marital property, as there was evidence the account was opened during the marriage as a joint account.

Wife's sole issue on appeal is the trial court's handling of the *post-separation change* in the account. She essentially argues this increase (which she contends to be approximately $126,000.00) should have been classified as divisible property and, therefore, she was entitled to half of this increase.

We review equitable distribution orders to determine if "there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777 (1985). Additionally, "[w]here, as here, the trial court sits without a jury, the judge is required to 'find the facts specially and state separately its conclusions of law thereon and direct the entry of

appropriate judgment.' " *Coble v. Coble*, 300 N.C. 708, 712 (1980). Accordingly, we review those findings to see whether they are supported by competent evidence; and we review the conclusions de novo to determine whether they are supported by the findings. *In re S.R.*, 384 N.C. 516, 520 (2023). *See also Coble*, 300 N.C. at 712; *Patton v. Patton* 318 N.C. 404, 406 (1986).

In an equitable distribution proceeding, the trial court is generally tasked with "conduct[ing] a three-step process: (1) classify[ing] property as being marital, divisible, or separate property; (2) calculat[ing] the net value of the marital and divisible property; and (3) distribut[ing] equitably the marital and divisible property." *Smith v. Smith*, 387 N.C. 255, 258 (2025) (citation omitted); *see also* N.C.G.S. § 50-20(a), (c) (2023).

Turning to the issue raised by Wife, we note "divisible property" is defined as:

> [A]ll appreciation and diminution in value of martial property and divisible property of the parties occurring *after* the date of separation and *prior to* the date of distribution, except that appreciation or diminution in value which is the result of postseparation actions or activities of a spouse shall not be treated as divisible property.

*Id.* at (b)(4)(a) (emphasis added). We are to presume any increase or decrease in value of marital property between separation and distribution is divisible "*unless* the trial court finds that the change in value is attributable to the postseparation actions of one spouse." *Wirth v. Wirth*, 193 N.C. App. 657, 661 (2008) (emphasis in original).

In its order, the trial court found that "[a]ny [post-separation] appreciation . . .

is passive[.]" This increase certainly falls within the definition of divisible property, subject to be split between the parties. However, it was the Wife's burden at the hearing to offer evidence concerning *the amount* of the increase which occurred between the date of separation and the hearing. *See Montague v. Montague*, 238 N.C. App. 61, 68–69 (2014). Accordingly, if Wife failed to meet this burden at the hearing, the trial court was under no obligation to distribute the post-separation increase as divisible property. *See id.* at 68.

At the hearing, Wife presented the January 2024 account statement, showing the value of the account approximately six weeks before the hearing. This statement showed the account had, indeed, increased by approximately $126,000.00 since the date of separation. The trial court, however, made no findings concerning this evidence.

A trial court is "required to ' resolve the material, disputed factual issues raised by the evidence.' " *Sunshine v. Sunshine*, 294 N.C. App. 289, 308 (2024). *See also Coble,* 300 N.C. at 712–13 ("The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine de novo the weight and credibility to be given to evidence disclosed by the record on appeal.").

Our Supreme Court has held that evidence of value from a date other than the relevant date may still be admissible if the "other" date is not too remote in time. *Northgate Shopping Ctr., Inc. v. State Highway Comm'n*, 265 N.C. 209, 211–12

(1965). And, we have held that evidence of value twenty-seven days prior to the date of separation was competent to show the value as of the date of separation. *Lund v. Lund*, 244 N.C. App. 279, 285 (2015).

We conclude the January 2024 statement offered by Wife was not too remote in time to render it incompetent to prove the value of the account as of the date of hearing. Therefore, we hold the trial court erred by failing to make any finding regarding Wife's evidence concerning the post-separation value of the account. Thus, we vacate the equitable distribution order and remand the matter to the trial court to consider Wife's evidence concerning the post-separation value of the account.

On remand, the trial court, in its discretion, may consider further evidence on the matter. Of course, the trial court as the factfinder can assign what weight it deems appropriate to Wife's evidence. If, on remand, the trial court does not deem Wife's otherwise competent evidence as credible, the trial court is not under any obligation to classify the post-separation increase. However, if the trial court finds the evidence credible, the trial court must classify the post-separation increase, value it, and distribute it.

VACATED AND REMANDED.

Judges HAMPSON and STADING concur.