An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-596

Filed 15 April 2026

New Hanover County, No. 20CVD003030-640

BARRY E. HARRIS, JR., Plaintiff,

v.

JILL ANN HARRIS, Defendant.

Appeal by plaintiff from order entered 7 January 2025 by Judge Jeffrey Evan Noecker in New Hanover County District Court. Heard in the Court of Appeals 28 January 2026.

*Barry E. Harris, Jr., pro se plaintiff-appellant.*

*No brief filed for defendant-appellee.*

DILLON, Chief Judge.

Plaintiff, Barry E. Harris, Jr., ("Husband"), appeals from an equitable distribution order entered following hearings held in November and December 2024. Plaintiff contends the trial court erred in its valuation and distribution of certain marital assets. For the following reasons, we affirm the trial court's order.

I.    Background

Plaintiff and Defendant, Jill Ann Harris ("Wife"), were married in 1990 and separated in July 2020. At the time of separation, they jointly owned three S-Corporations: Harris Insurance Services of North Carolina, Inc. ("HIS"), Silver Spoon Apiaries, Inc. ("SSA"), and Bee Wrangles, Inc. ("BW"). The parties agree that they each own 50 percent of the stock in each of the respective corporations.

Following separation, Husband initiated this action for equitable distribution. On 7 January 2025, after days of hearings on the matter, the trial court entered an equitable distribution order. Husband timely appealed.

## II. Analysis

### A. Valuation of the Parties' Business Interests

In his first argument, Husband contends the trial court erred in its valuation and distribution of the parties' business entities.

Equitable distribution orders are reviewed for abuse of discretion. *White v. White,* 312 N.C. 770, 777 (1985). Findings of fact are binding if supported by competent evidence, while conclusions of law are reviewed de novo. *Gum v. Gum,* 107 N.C. App. 734, 736 (1992); *Peltzer v. Peltzer,* 222 N.C. App. 784, 786 (2012).

A trial court is given discretion in selecting a valuation method for closely held businesses. There is no set "single best approach to valuing a professional association or practice, and various approaches or valuation methods can and have been used." *Poore v. Poore,* 75 N.C. App. 414, 419 (1985). However, the trial court "shall determine what is the marital property and divisible property and shall provide for

an equitable distribution of the marital property and divisible property between the parties . . . ." *Wirth v. Wirth,* 193 N.C. App. 657, 661 (2008). Divisible property includes "[a]ll appreciation and diminution in value of marital property and divisible property of the parties occurring after the date of separation and prior to the date of distribution, except that appreciation or diminution in value which is the result of postseparation actions or activities of a spouse shall not be treated as divisible property." *Id.* It is important to note "all factual findings in an equitable distribution order, are binding on appellate courts when supported by competent evidence." *Patton v. Patton,* 78 N.C. App. 247, 255 (1985).

Here, the trial court heard extensive testimony regarding the businesses owned collectively by the parties. The trial court heard testimony concerning the parties' business operations, including evidence related to income and financial obligations. The trial court, as the finder of fact, was entitled to weigh this evidence and make credibility determinations. Further, while Husband contends the court improperly treated corporate assets and income as marital property, the business interests themselves were marital and subject to distribution.

Thus, Husband has failed to demonstrate the trial court's valuation was unsupported by reason or constituted an abuse of discretion.

### B. Marital Debt

Next, Husband contends the trial court erred in its treatment of the parties' marital debt. Under our Rules of Appellant Procedure, "[i]ssues not presented in a

party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(6). Here, Husband fails to state any reason or present any argument beyond his personal contention on these matters. He makes no argument regarding how he was prejudiced by the omission. Therefore, we affirm on this issue.

## III. Conclusion

Because the findings in the equitable distribution order by the trial court were supported by competent evidence and Plaintiff failed to state any argument for the treatment of the marital debt, we affirm the equitable distribution order entered by the trial court above.

AFFIRMED.

Judges TYSON and CARPENTER concur.

Report per Rule 30(e).